UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CONCEPCION URRUTIA, JR., | ) | Case No.: 1:17-cv-1676- JLT |
| Plaintiff, | )<br>)<br>) | ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO |
| v. | ) | 42 U.S.C. § 406(b) |
| ANDREW M. SAUL[1],<br>Commissioner of Social Security, | )<br>)<br>) | (Doc. 19) |
| Defendant. | ) | |

    Brian C. Shapiro, counsel for Plaintiff Concepcion Urrutia, Jr., seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 19) Neither Plaintiff nor the Commissioner of Social Security have opposed the motion. For the following reasons, the motion for attorney fees is **GRANTED**.

**I.     Relevant Background**

    Plaintiff entered into a contingent fee agreement with Brian Shapiro, on behalf of the Law Offices of Lawrence D. Rohlfing, on November 29, 2017. (Doc. 19-1) The agreement entitled counsel to an award of "25% of the past due benefits" if judicial review of an administrative decision was required, and the adverse decision of an ALJ was reversed. (*Id.* at 1) The agreement also required counsel to "seek compensation under the Equal Access to Justice Act," and the amount awarded would be credited to Plaintiff "for fees otherwise payable for court work." (*Id.*)

---

[1] This action was originally brought against Nancy A. Berryhill in her capacity as then-Acting Commissioner. (*See* Doc. 1) Andrew M. Saul, who is now the Commissioner, has been automatically substituted as the defendant in this action. *See* Fed. R. Civ. P. 25(d).

1

On December 3, 2017, Plaintiff filed a complaint for review of the administrative decision denying an application for Social Security benefits.  (Doc. 1)  The Court found the ALJ erred in evaluating the limitations identified by an examining physician, and the decision was not supported by substantial evidence.  (Doc. 15 at 6-10)  Thus, the Court remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (*Id.* at 11)  Following the entry of judgment in favor of Plaintiff (Doc. 16), the Court awarded $4,550 in attorney fees pursuant to the Equal Access to Justice Act.  (Doc. 18 at 1)

Upon remand, the administration issued a fully favorable decision, finding Plaintiff disabled beginning August 21, 2013.  (Doc. 19-2 at 1, 9)  The Social Security Administration determined Plaintiff was entitled to benefits beginning February 2014.  (Doc. 19-3 at 1)  In total, Plaintiff was entitled to $87,689.60 in past-due benefits, from which the Commissioner withheld $21,922.40 for payment of Plaintiff's attorney's fees.  (Doc. 19 at 7; Doc. 19-3 at 4)

Mr. Rohlfing filed the motion now before the Court on April 16, 2020, seeking a portion of the fees, in the amount of $11,072.00.  (Doc. 19)  Mr. Rohlfing indicated he should also be directed to reimburse Plaintiff the amount of fees previously awarded under the EAJA.  (*Id.* at 1)  Plaintiff was served with the motion and informed of the right to file a response to indicate whether he agreed or disagreed with the requested fees within fourteen days.  (*Id.* at 2, 17)  To date, Plaintiff has not opposed the motion.  The Commissioner filed a notice of non-opposition, indicating he "was not a party to the contingent-fee agreement between Counsel and Plaintiff and therefore is not in a position to either assent or object to the § 406(b) fees that Counsel seeks…" (Doc. 20 at 2)

**II.      Attorney Fees under § 406(b)**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).

A contingency fee agreement is unenforceable if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

**III.     Discussion and Analysis**

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded past-due benefits. (Doc. 19-1 at 1) The Law Offices of Lawrence D. Rohlfing accepted the risk of loss in the representation and expended a total of 21.4 hours while representing Plaintiff before the District Court. (*Id.*; *see also* Doc. 19 at 5; Doc. 19-4 at 1-2) Due to counsel's work, the action was remanded further proceedings, and Plaintiff received a favorable decision. For this, Mr. Shapir requests a fee of $11,072.40, which is 13% of the past due benefits owed. (Doc. 19 at 6-7) Because counsel intends to refund the $4,550.00 that was previously paid under the EAJA, the net cost to Plaintiff is $6,533.40. (*Id.* at 14) Finally, although served with the motion and informed of the right to oppose the fee request (Doc. 19 at 2, 17), Plaintiff did not file oppose the request and thereby indicates an implicit belief that the total of the fee request is reasonable.

Significantly, there is no indication that counsel performed in a substandard manner or engaged in severe dilatory conduct. Plaintiff was able to secure a remand for payment of benefits following the appeal, including an award of past-due benefits. Finally, the fees requested do not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b), the amount withheld by the administration for payment of fees, or the amount agreed upon by counsel and Plaintiff. (*See* Doc. 19-1)

///

**IV.     Conclusion and Order**

Based upon the tasks completed and results achieved following the remand for further proceedings, the Court finds the fees sought by Mr. Shapiro and the Law Offices of Lawrence D. Rohlfing are reasonable.  Accordingly, the Court **ORDERS**:

1. Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $11,072.40 is **GRANTED**;
2. The Commissioner shall pay the amount directly to Counsel, the Law Offices of Lawrence D. Rohlfing; and
3. Counsel **SHALL** refund $4,550.00 to Plaintiff Concepcion Urrutia, Jr.

IT IS SO ORDERED.

Dated:    **August 18, 2020**                              **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE